UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>FABIAN VALDOVINOS-PEREZ,<br><br>Defendant. | CASE NO. 14-CR-5159-BHS-8<br><br>ORDER |

This matter is before the Court on defendant Fabian Valdovinos-Perez's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 546.

In 2015, a jury found Valdovinos-Perez guilty of conspiracy to distribute a controlled substance, possession of methamphetamine and heroin with intent to distribute, possession of a firearm in furtherance of a drug trafficking offense, and illegal alien in possession of a firearm. Dkt. 377. This Court sentenced him to 15 years of imprisonment. The Ninth Circuit affirmed his judgment in 2017. Dkt. 525. Valdovinos-Perez's expected release date is June 29, 2027. Dkt. 549 at 3.

Acting pro se, Valdovinos-Perez moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A). Dkt. 546. He argues he is subject to an "unusually long

ORDER - 1

1 sentence" because there is a "great disparity between him and the leaders of the
2 instant conspiracy and also between defendants sentenced today." *Id.* at 3. If he
3 were sentenced today, he contends, it is "more than likely he would have received
4 a significantly lower sentence." *Id.* at 4. He also argues he has shown
5 "extraordinary rehabilitation" and "presents no danger to the community." *Id.* at
6 4–5.

7      The Government opposes the motion, arguing Valdovinos-Perez does not
8 establish an "extraordinary and compelling reason" to reduce his sentence. Dkt.
9 549 at 5 (citing 18 U.S.C. § 3582(c)(1)(A)). It argues USSG § 1B1.13(b)(6), the
10 Sentencing Guidelines section that Valdovinos-Perez relies on to argue he
11 received an unusually long sentence, is invalid because it contravenes 18 U.S.C. §
12 3582(c)(1)(A). *Id.* at 7. It further asserts that he would not face a significantly
13 different sentence even if he were sentenced today. *Id.* at 18.

14      Generally, courts are not permitted to modify a term of imprisonment once
15 it has been imposed. 18 U.S.C. § 3582(c). One exception to this rule, however, is
16 when "extraordinary and compelling reasons warrant . . . a reduction." 18 U.S.C. §
17 3582(c)(1)(A)(i). Such a sentence reduction must comport with policy statements
18 issued by the United States Sentencing Commission, USSG § 1B1.13. *Id.* The
19 Sentencing Guidelines provide that an extraordinary and compelling reason to
20 reduce a defendant's sentence may exist when the "defendant received an
21 unusually long sentence and has served at least 10 years of the term of
22 imprisonment" and there has been a change in the law that "would produce a gross

disparity between the sentence being served and the sentence likely to be imposed at the time the motion is filed." USSG § 1B1.13(b)(6). The Ninth Circuit has confirmed that "district courts may consider non-retroactive changes in sentencing law . . . when analyzing extraordinary and compelling reasons for purposes of § 2582(c)(1)(A)." *United States v. Chen*, 48 F.4th 1092, 1098 (9th Cir. 2022).

Valdovinos-Perez presents no such change in the law. He was sentenced to 10 years of imprisonment for his drug related convictions under 21 U.S.C. § 841 and 5 years for both his firearm related convictions under 21 U.S.C. § 924. Dkt. 377. The mandatory minimums in both statutes has not changed since he was sentenced. 21 U.S.C. § 841(b)(1); 21 U.S.C. § 924(c)(1)(A). He would face a minimum 15-year term of imprisonment if he were sentenced today. Consequently, Valdovinos-Perez does not meet the Sentencing Guidelines' requirements for "an unusually long sentence."

Even if the Court were to conclude USSG § 1B1.13(b)(6) applied, Valdovinos-Perez's argument as to the disparity between his sentence and those imposed on the conspiracy leaders fails. The Sentencing Guidelines do not require the Court to compare Valdovinos-Perez's sentence against the sentences imposed on the conspiracy leaders. Instead, the Sentencing Guidelines discuss "gross disparity" in the context of the defendant's own sentencing, determined by comparing the sentence the defendant received in the past and the sentence the same defendant would receive if sentenced at the time their motion was filed.

1  Valdovinos-Perez's motion to reduce sentence under 18 U.S.C. §
2  3582(c)(1)(A), Dkt. 546, is **DENIED**.

3  **IT IS SO ORDERED**.

4  Dated this 7th day of April, 2025.

BENJAMIN H. SETTLE
United States District Judge