UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CASE NO. 14-CR-5159-BHS |
| Plaintiff, | ORDER |
| v. | |
| FABIAN VALDOVINOS-PEREZ, | |
| Defendant. | |

THIS MATTER is before the Court on defendant Fabian Valdovinos-Perez's motion for sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). Dkt. 551.

In 2015, a jury found Valdovinos-Perez guilty of conspiracy to distribute a controlled substance, possession of methamphetamine and heroin with intent to distribute, possession of a firearm in furtherance of a drug trafficking offense, and illegal alien in possession of a firearm. Dkt. 377. This Court sentenced him to 15 years of imprisonment. The Ninth Circuit affirmed his judgment in 2017. Dkt. 525. Valdovinos-Perez's expected release date is June 29, 2027. Dkt. 549 at 3.

In January of this year, Valdovinos-Perez filed his first motion requesting this Court to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A). Dkt. 546. Valdovinos-Perez argued that he received an "unusually long" sentence, and that changes in sentencing laws created a "great disparity" between his sentence and other conspiracy leaders. *Id.* at 3. The Court denied the motion, explaining that the Sentencing Guidelines do not require the Court to compare Valdovinos-Perez's sentence against the sentences imposed on other conspiracy leaders and found that Valdovinos-Perez had failed to establish an extraordinary and compelling reason for reducing his sentence. Dkt. 550.

Acting pro se, Valdovinos-Perez now renews his motion for a reduction in sentence, contending that there is a disparity between the sentences given to citizens and non-citizens. Dkt. 551 at 5. He argues that non-citizens do not qualify for the same "advantages" as other citizen inmates, including placement in a minimum security prison, a one-year sentence reduction based upon the successful completion of a prison program, and downward departures. *Id.*

The Government opposes the motion, arguing that Valdovinos-Perez has failed to exhaust administrative remedies before filing his motion. Dkt. 552 at 5. It also contends that Valdovinos-Perez failed to identify any intervening changes in law that would impact his sentence and that his status as a non-citizen is not an extraordinary or compelling reason to reduce his sentence. *Id*.

To seek compassionate release under 18 U.S.C. § 3582(c)(1)(A), a defendant must first "fully exhaust[] all administrative rights to appeal a failure of

the [Federal Bureau of Prisons (BOP)] to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." *United States v. Keller*, 2 F.4th 1278, 1281 (9th Cir. 2021) (quoting Pub. L. No. 115-391, Title VI, sec. 603(b)(1), § 3582, 132 Stat. 5194, 5239 (2018)). This administrative exhaustion requirement is mandatory and must be enforced when properly raised by the government. *Keller*, 2 F.4th at 1282. The Defendant bears the burden of "establish[ing] his eligibility for compassionate release." *United States v. Wright*, 46 F.4th 938, 951 (9th Cir. 2022); *see also United States v. Posey*, No. CR18-280-RSL, 2020 WL 3103850, at *2 (W.D. Wash. June 11, 2020).

Valdovinos-Perez contends that he satisfied the statutory requirement, asserting that he waited to file this motion 30 days after filing a request with the warden. Dkt. 551 at 2. However, Valdovinos-Perez submits no evidence of his request, and the Government disputes that Valdovinos-Perez properly met this requirement. Dkt. 552 at 6. It contends that BOP has no record of receiving any request, and in the event Valdovinos-Perez is relying on a request submitted last December 2024, there is nothing in the record indicating that this request included an argument based on immigration status. *Id.*

Valdovinos-Perez fails to meet his burden of showing that he satisfied the procedural requirements for compassionate release. A bare assertion that he submitted the request is not sufficient. Without more, the Court lacks authority to grant relief under § 3582(c)(1)(A)(i).

1     However, even assuming that Valdovinos-Perez met the statutory

2   exhaustion requirement, his petition fails. The Court may grant compassionate

3   release only if the defendant shows that "extraordinary and compelling reasons

4   warrant such a reduction" and the Court concludes that the 18 U.S.C. § 3553(a)

5   sentencing factors do not weigh against such release. 18 U.S.C. § 3582(c)(1)(A);

6   *see Keller*, 2 F.4th at 1283-84. The Sentencing Guidelines provide that an

7   extraordinary and compelling reason to reduce a defendant's sentence may exist

8   when the "defendant received an unusually long sentence and has served at least

9   10 years of the term of imprisonment" and there has been a change in the law that

10   "would produce a gross disparity between the sentence being served and the

11   sentence likely to be imposed at the time the motion is filed." USSG §

12   1B1.13(b)(6).

13     Valdovinos-Perez raises no new intervening change in law that was not

14   already addressed in the Court's prior order, Dkt. 550. Valdovinos-Perez was

15   sentenced to the mandatory minimum of 10 years of imprisonment for his drug

16   related convictions under 21 U.S.C. § 841 and 5 years for both his firearm related

17   convictions under 21 U.S.C. § 924. Dkt. 377. The mandatory minimums in both

18   statutes have not changed since he was sentenced. 21 U.S.C. § 841(b)(1); 21

19   U.S.C. § 924(c)(1)(A). He would face a minimum 15-year term of imprisonment if

20   he were sentenced today. Consequently, Valdovinos-Perez does not meet the

21   Sentencing Guidelines' requirements for "an unusually long sentence."

22

ORDER - 4

Valdovinos-Perez's argument that he should be released due to an alleged disparity in sentencing "advantages" between non-citizens and citizens similarly fails. In April 2023, the United States Sentencing Commission promulgated an amended policy statement regarding when a court may reduce a term of imprisonment, which includes a list of circumstances that may be considered an "extraordinary and compelling reason" for reduction in sentence under 18 U.S.C. § 3582(c)(1)(A). U.S.S.G. § 1B1.13. The policy statement does not include a defendant's immigration status as an extraordinary and compelling reason, and Valdovinos-Perez provides no persuasive argument as to why it should. *See United States v. Rosas-Lozano*, No. 3:17-CR-00209-JO-2, 2021 WL 3141507, at *2 (D. Or. July 23, 2021).

Valdovinos-Perez's motion to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A), Dkt. 551, is **DENIED**.

**IT IS SO ORDERED**.

Dated this 3rd day of December, 2025.

BENJAMIN H. SETTLE
United States District Judge